UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT V. TIMS

VERSUS

AMERICAN BANKERS INSURANCE GROUP

CIVIL ACTION

NO. 09-723-JJB

## RULING

This matter is before the Court on a motion for summary judgment (doc. 11) filed by defendant American Bankers Insurance Group ("American Bankers"). Plaintiff Robert Tims has filed an opposition (doc. 13), and defendant has filed a reply (doc. 17). There is no need for oral argument.

Plaintiff Tims' home was damaged by a hurricane in September 2008. Prior to the damage, Tims had purchased a Standard Flood Insurance Policy (SFIP) from American Bankers, which was in effect when the home was damaged. Tims submitted a proof of loss on November 12, 2008, which was fully paid by American Bankers. FEMA and the Federal Insurance Administrator extended the time allowed for submitting a proof of loss. Plaintiff then submitted another proof of loss on February 13, 2009, which was also fully paid by defendant. Without submitting another proof of loss, plaintiff filed this lawsuit, seeking further recovery pursuant to its SFIP with American Bankers.

In its motion for summary judgment, American Bankers argues that plaintiff's claim should be dismissed for three reasons. The primary reason urged by defendant is that plaintiff's failure to file a proof of loss before

1

commencing this lawsuit is fatal to plaintiff's claim and requires that judgment be entered for defendant.  Defendant also contends that plaintiff failed to properly submit pre-suit documentation as required under the law.  Finally, defendant argues that any extra-contractual claims based on federal common law should be dismissed as a matter of law and that plaintiff's state law claims are barred by preemption and are "impossible of success."  In opposition, plaintiff only responds to defendant's arguments related to the failure to file a proof of loss, leaving defendant's other bases for summary judgment uncontested.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case.  *See id.*  The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case.  *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in his pleadings.  Instead, he must show that there is a genuine issue for trial by presenting evidence of specific facts.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Conclusory allegations and

unsubstantiated assertions will not satisfy a non-movant's burden.  See *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).  If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted.  See *Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

In its motion for summary judgment, American Bankers cites Fifth Circuit precedent for its contention that plaintiff's failure to submit a proof of loss prior to filing suit is fatal to Tims' claims.  In opposition, Tims simply asserts that a proof of loss was submitted, albeit on November 12, 2008, and thus, according to plaintiff, "a genuine issue of material fact exists as to whether Plaintiff failed to submit a timely, signed, sworn, and complete Proof of Loss statement."  Plaintiff is incorrect.  Defendant does not dispute that the November proof of loss was filed; rather, American Bankers contends (and has demonstrated) that the November proof of loss was submitted and paid and that plaintiff failed to file a proof of loss for the amounts claimed in this lawsuit.

Fifth Circuit case law is clear that under the National Flood Insurance Program, under which the policy in this case was issued, an insured cannot file a lawsuit seeking further benefits under the policy unless the insured can show prior compliance with all policy requirements.  44 C.F.R. §61, app. (A)(1), art. VII(R).  See *Marseilles Homeowners Condo. Assoc., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1056.  Failure to provide a complete, sworn proof of loss statement relieves the insurer's obligation to pay what otherwise might be a valid

3

claim. *Marseilles*, 542 F.3d at 1056; *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). Absolute adherence to the sworn proof of loss requirement is required for an insured to bring a lawsuit seeking further benefits. *Marseilles*, 542 F.3d at 1057. Even substantial compliance is insufficient to satisfy the strict proof of loss requirement. *Id.*

Plaintiff appears to argue that the previously submitted proof of loss is sufficient to satisfy the proof of loss requirement. However, the aforementioned Fifth Circuit precedent illustrates that strict compliance with these rules is required. American Bankers fully compensated plaintiff for the two prior proof of loss submissions. The plaintiff did not file a proof of loss for the damages requested in this lawsuit. Therefore, American Bankers is entitled to judgment as a matter of law. Moreover, this court is aware of *Verret v. La. Farm Bureau Mutual Ins. Co.*, No. 09-02017, 2010 WL 3883369 (W.D.La. Sept. 27, 2010), which similarly disposed of a claim under an SFIP. Like Tims, the plaintiffs in *Verret* submitted two proof of loss documents and accepted payment for each. Without submitting another proof of loss, plaintiffs filed suit under their SFIP. The district court granted summary judgment because of the failure to file an additional proof of loss. Plaintiffs "admittedly did not provide a sworn proof of loss for the additional sums sought; thus, they did not meet the strict requirements under the SFIP." *Id.*

Defendant also argues that plaintiff's claim should be dismissed for failure to submit proper documentation regarding the claims asserted. Because this

court's ruling on the failure to submit a proof of loss is sufficiently dispositive, we need not presently consider defendant's arguments based on failure to properly document. The court does note, however, that plaintiff failed to address this argument in opposition.

Defendant further contends that summary judgment should be granted because any additional state or federal law claims of plaintiff fail as a matter of law. Plaintiff did not address this argument in opposition. While Tims does not appear to assert any state law based claims in his Complaint, American Bankers is correct that federal law preempts all extra-contractual state law claims. *See Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005). Further, regarding plaintiff's possible extra-contractual claims based on federal common law, defendant is correct that the Fifth Circuit has held that such causes of action are neither explicitly allowed nor impliedly authorized by the National Flood Insurance Act or federal common law. *Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007).

Accordingly, defendant's motion for summary judgment (doc. 11) is hereby GRANTED, and plaintiff's claims against defendant are hereby DISMISSED.

Signed in Baton Rouge, Louisiana, on November 12, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**